## McKIM, Respondent, *v.* BEISEKER, Appellant.

### (No. 4,041.)

(Submitted September 19, 1919. Decided October 25, 1919.)

[185 Pac. 153.]

*Husband and Wife—Criminal Conversation—Pleading—Mitigation of Damages—Partial Defense—Evidence—Reputation of Wife—Instructions—Excessive Verdicts.*

Criminal Conversation—Partial Defense—Pleading—Evidence.
    1. Under a general denial in a husband's action for criminal conversation, evidence as to the general bad reputation of plaintiff's wife, being matter tending to mitigation or reduction of damages, and hence a partial defense, was not admissible, since partial defenses must be specially pleaded (Rev. Codes, sec. 6550).

Same—Striking of Evidence—When Error.
    2. It was error to strike the answer of a witness to the effect that certain testimony was false, it having been plain, direct and to the point.

Instructions—When Refusal Proper.
    3. An instruction not warranted by the evidence was properly refused.

Husband and Wife—Criminal Conversation—Excessive Verdict.
    4. *Held,* that a verdict for $25,000—the full amount asked for in an action for criminal conversation, was so excessive, in the light of all the prominent features of the case, as to indicate that it was the result, not of deliberate calculation and weighing of facts, but of passion and prejudice.

*Appeal from District Court, Richland County; C. C. Hurley, Judge.*

Action by Ebby McKim against C. J. Beiseker. From a judgment for plaintiff, and from an order overruling his motion for a new trial, defendant appeals. Reversed and remanded.

*Messrs. Walsh, Nolan & Scallon* and *Messrs. Babcock & Ellery,* for Appellant; *Mr. William Scallon* argued the cause orally.

The court erred in excluding evidence as to the general reputation of Mrs. McKim for virtue and chastity. (8 Am. & Eng. Ency. of Law, 2d ed., 270, 271; 21 Cyc. 1629; 3 Ency. of Evidence, 796; 1 Greenleaf on Evidence, 16th ed., 46, 47; Jones on Evidence [1896], sec. 151; 10 R. C. L. p. 948, sec. 118.) Passing from text-books to decisions of courts bearing directly on the question under consideration, we find that the courts uniformly hold that this character of evidence is admissible and competent in a case of this kind. (*Smith* v. *Hockenberry,* 146 Mich. 7, 117 Am. St. Rep. 615, 10 Ann. Cas. 60, 109 N. W. 23; *Ward* v. *Thompson,* 146 Wis. 376, 131 N. W. 1006; *Stumm* v. *Hummel,* 39 Iowa, 478; *Foulks* v. *Archer,* 31 N. J. L. 58; *Hardy* v. *Bach,* 173 Ill. App. 123; *Clouser* v. *Clapper,* 59 Ind. 548; *Harter* v. *Crill,* 33 Barb. (N. Y.) 283; *Harrison* v. *Price,* 22 Ind. 165; *Vaughn* v. *Clarkson* (R. I.), 34 Atl. 989; *Crose* v. *Rutledge,* 81 Ill. 266; *Sanborn* v. *Neilson,* 4 N. H. 501.) The cases cited practically cover all of the cases decided in the United States touching this point.

The objection that testimony is incompetent and immaterial does not raise the question that the evidence is inadmissible under the pleadings. (*Merrick* v. *Hill,* 77 Hun, 30, 28 N. Y. Supp. 237; *Le Mesnager* v. *Hamilton,* 101 Cal. 532, 40 Am. St. Rep. 81, 35 Pac. 1054; *Claflin* v. *New York Standard Watch Co.,* 7 Misc. Rep. 668, 28 N. Y. Supp. 42; *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816; *Crocker* v. *Carpenter,* 98 Cal. 418, 33 Pac. 271; *Howland* v. *Oakland Consol. St. Ry. Co.,* 110 Cal. 513, 42 Pac. 983.)

Under the common law in actions other than libel and slander, matter in mitigation of damages could not be specifically pleaded, but evidence for that purpose was admissible under the general issue. (8 R. C. L. 618, 619; 5 Ency. of Pl. & Pr. 618; *Harrison* v. *Price,* 22 Ind. 65; *Harter* v. *Crill, supra.*) Under the rule as laid down in *Forrester* v. *Butte etc. Min Co.,* 21 Mont. 544, 55 Pac. 229, 353, it would appear that while the

rules of pleading have been largely changed and altered by Code provisions, in the absence of a specific provision, the general principles of the common law as to the admission of evidence under the pleading as to justification, excuse and matter of mitigation of damages would prevail. (8 R. C. L. 619; *Creighton* v. *Board of Water Commrs.*, 143 N. C. 171, 10 Ann. Cas. 218, 55 S. E. 511.)

However, under the provisions of section 6550, Revised Codes, permissive in character, it is clear that matter going only in mitigation of damages may be pleaded. Conceding, for the sake of argument, that section 6550 is mandatory, and that mitigating circumstances intended solely to reduce damages should be pleaded, still we contend that the excluded evidence was competent without being pleaded. In an action for damages for criminal conversation, where the husband is seeking redress by the action itself, there is involved the character of the spouse. It is true that the presumption is that the character is good. Without this presumption as bearing on the damages recoverable, evidence as to character would be competent. Even with that presumption, the plaintiff in the presentation of his case in chief could have introduced evidence showing the good character of his wife, and showing, likewise, that their domestic relations were pleasant. This being true, this evidence on the part of the defendant would be competent under the general denial, and the authorities so hold. (13 R. C. L. 1495, sec. 546; 8 Am. & Eng. Ency. of Law, 271; 21 Cyc. 1632; 5 Ency. of Pl. & Pr. 618; *Candrian* v. *Miller*, 98 Wis. 164, 73 N. W. 1004; *Hardwick* v. *Hardwick*, 130 Iowa, 230, 106 N. W. 639; *Bailey* v. *Bailey*, 94 Iowa, 598, 63 N. W. 341.)

*Messrs. Charles Loring* and *G. A. Youngquist,* of the Bar of Crookston, Minnesota, and *Mr. A. T. Vollum,* submitted a brief; *Mr. Loring* argued the cause orally.

Evidence of the reputation of plaintiff's wife, being in mitigation of damages, is a partial defense which must be pleaded; therefore, not having been pleaded, such evidence was properly

excluded. (Rev. Codes, sec. 6550; *Webb* v. *Nickerson,* 11 Or.
382, 4 Pac. 1126; *Fitzsimmons* v. *City Fire Ins. Co.,* 18 Wis.
234, 246, 86 Am. Dec. 761; *Davenport etc. Coke Co.* v. *Daven-
port,* 15 Iowa, 6; *Ward* v. *Polk,* 70 Ind. 309; *Reynolds* v. *Rouda-
bush,* 59 Ind. 483; *Peck* v. *Parchen,* 52 Iowa, 46, 2 N. W. 597;
*McMahan* v. *Spinning,* 51 Ind. 187.)

The courts have universally held, even in the absence of any
statutory definition that an action for criminal conversation or
an action for seduction is an action for injury to the person
or for personal injury, and is also an injury to the property
rights of the wronged husband. The highest authority, the
supreme court of the United States so holds in *Tinker* v. *Col-
well,* 193 U. S. 473, 48 L. Ed. 754, 24 Sup. Ct. Rep. 505. (See,
also, *Bennett* v. *Bennett,* 116 N. Y. 584, 6 L. R. A. 553, 23 N. E.
17.) That seduction has been uniformly held to be an action
for personal injuries, see *Garrison* v. *Burden,* 40 Ala. 513;
*Hutcherson* v. *Durden,* 113 Ga. 987, 54 L. R. A. 811, 39 S. E.
495; *Steinberg* v. *Lasker,* 50 How. Pr. (N. Y.) 432; *Hood* v.
*Sudderth,* 111 N. C. 215, 16 S. E. 397; *May* v. *Wilson,* 164 Mich.
26, Ann. Cas. 1912B, 654, 128 N. W. 1084; *Davis* v. *Boyett,* 120
Ga. 649, 102 Am. St. Rep. 118, 1 Ann. Cas. 386, 66 L. R. A.
258, 48 S. E. 185.

The purpose of the requirement that partial defenses be
pleaded was to give notice to the plaintiff of the character of
the evidence which would be adduced against him. (*McKyring*
v. *Bull,* 16 N. Y. 297, 69 Am. Dec. 696.) In regard to the
*McKyring Case,* it appears that the court made its decision after
thorough examination and discussion of the common-law authori-
ties. Indeed that case is an enlightening monograph on the
phases of common-law pleading there involved. No better illus-
tration of the wisdom and justice of requiring the pleading of
such matter as the defendant sought to prove in this case can
be found than the case at bar, which came to trial at a point
far distant from that where the cause of action arose, and where
witnesses to the plaintiff's wife's reputation could not be found.
If such evidence was admissible at all, it was but just that the

plaintiff should be advised by the defendant's pleading that the latter expected to adduce such evidence so that if the plaintiff desired to bring witnesses to contradict those of defendant he might do so. The issue of the plaintiff's wife's character was entirely outside of any element which the plaintiff could be expected to be prepared to prove in support of the allegations of his complaint and of his cause of action, and therefore if such a defense was permissible, he should have been advised of it. (*Billings* v. *Albright,* 66 App. Div. 239, 73 N. Y. Supp. 22; *Strock* v. *Russell,* 148 App. Div. 483, 132 N. Y. Supp. 968; *Allen* v. *Besecker,* 55 Misc. Rep. 366, 105 N. Y. Supp. 416; see, also, *Cole* v. *Beyland,* 67 N. Y. Supp. 1024; *Ladwig* v. *Heyer,* 136 Iowa, 196, 113 N. W. 767; *Baldwin* v. *Boulware,* 79 Mo. App. 5; *Williams Printing Co.* v. *Saunders,* 113 Va. 156, Ann. Cas. 1913E, 693, 73 S. E. 472; *Upchurch* v. *Robertson,* 127 N. C. 127, 37 S. E. 157; *Hacker* v. *Heiney,* 111 Wis. 313, 87 N. W. 249; 5 Ency. of Pl. & Pr. 618; Phillips on Code Pleading, 396, 397.)

The evidence was not admissible even if pleaded. (*State* v. *Reinheimer,* 109 Iowa, 624, 80 N. W. 669; *State* v. *Prizer,* 49 Iowa, 531, 31 Am. Rep. 155; *State* v. *Shean,* 32 Iowa, 88.) In *Robinson* v. *Burton,* 5 Harr. (Del.) 335, it was held that in a parent's action for seduction of a daughter it was improper to admit evidence of the general reputation of the seduced daughter, and that the true way of proving unchaste character was by proving her specific acts of unchastity.

HONORABLE R. LEE WORD, a Judge of the First Judicial District, sitting in place of MR. JUSTICE HURLY, disqualified, delivered the opinion of the court.

This is an action for criminal conversation. The suit was brought in Sheridan county, but was transferred to and tried in Richland county. The jury found for the plaintiff in the sum of $25,000, the full amount demanded. Judgment was rendered and entered upon this verdict. A motion for a new trial was made and denied. This appeal is from the judgment and order overruling the motion for a new trial.

Appellant assigns as error the ruling of the court excluding evidence as to the general bad reputation of Mrs. Ebby McKim, wife of plaintiff, for virtue and chastity; the ruling of the court excluding certain other evidence offered in behalf of defendant; the refusal of the court to give requested instruction No. 5; and, finally, its refusal to grant the defendant a new trial on the ground of excessive damages appearing to have been given under the influence of passion and prejudice.

In discussing the first error assigned—that the court erred in [1] excluding evidence as to the general bad reputation of Mrs. McKim for virtue and chastity—this court will treat this assignment as including within it other errors specified of the same general nature. The offered evidence had, and could have, but one general purpose, and that was to mitigate any damages which might be awarded the plaintiff. The answer of the defendant was a general denial of the allegations of the complaint, and the question presented is whether or not, under the general denial contained in the answer, evidence of matter in mitigation of damages may be given. This court is of opinion that the evidence offered, being in mitigation of damages, was not admissible under the general denial; that it was tendered to establish a partial defense, and as such could not properly be admitted in the absence of a plea of that nature in the answer.

Section 6549 of the Revised Codes is as follows: "A defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable. Each defense or counterclaim must be separately stated and numbered. Unless it is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer." Section 6550 reads as follows: "A partial defense may be set forth as prescribed in the last section; but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Upon a demurrer thereto the question is whether it is sufficient for that purpose. Matter tending only to mitigate or reduce

damages, in an action to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property, is a partial defense, within the meaning of this section." That the purpose of the evidence excluded was to mitigate or reduce damages is clear, and that matter tending only to mitigate or reduce damages is a partial defense, and, to permit of proof, must be pleaded, is, in our opinion, the meaning of section 6550, above.

Counsel for appellant contend that section 6550 is permissive, and not mandatory, and that, while under its terms partial defenses may be pleaded, yet evidence of matter tending only to mitigate or reduce damages is admissible under a general denial in an answer which contains no plea of matters in mitigation of damages. We cannot accept this construction of this statute. If a defendant does not wish to offer evidence in mitigation or reduction of damages, then he may omit from his answer any partial defense under which such evidence is admissible. But if he desires to offer evidence at the trial of matter tending to mitigate or reduce damages, then the answer, to make such evidence competent, must contain a plea of such matter as a partial defense. In such a sense only is section 6550 permissive. We conclude, therefore, that the court did not err in excluding the evidence in question. This construction of section 6550 disposes of all assignments of error based upon the exclusion of evidence offered for the purpose of proving the general bad reputation of Mrs. McKim.

The trial court erred in striking out the answer of the defendant, "That testimony is false." This answer was plain, direct, and to the point, and in itself was not objectionable. This ruling of the court, while erroneous, was not prejudicial. Nor did the court err in refusing to give defendant's offered instruction No. 5. The record contains no evidence which warranted the giving of this instruction.

The remaining assignment of error to be considered is "that the verdict is excessive, indicating passion and prejudice on the part of the jury." As we are of opinion, from a careful

and repeated examination and consideration of the whole record, that this assignment of error is well taken, and that in justice the judgment rendered upon the verdict of the jury must be reversed, and a new trial ordered, we will give our reasons for this conclusion. It may be true that courts will seldom interfere with a finding of a jury in an action for criminal conversation; and it may be admitted that, unless it is apparent that the jury was influenced by prejudice and passion, its award will be allowed to stand; and yet, on the whole record, we are driven to the conclusion that the jury must have been influenced by passion and prejudice when, under the evidence before them, they found for the plaintiff in the sum of $25,000—all the damages that plaintiff asked. When the question of excessive damages is up for review, "necessarily all the prominent features of the case must be taken into consideration in passing upon the question whether the verdict was reached as a result of deliberate calculation and weighing of facts, conditions, relations, and circumstances, on the one hand, or of impulse, passion, or prejudice, on the other." (Spelling on New Trial and Appellate Practice, sec. 231.) So considering all matters, facts, and conditions disclosed by the record, we are forced to the conclusion that the verdict of the jury was reached, not as the result of deliberate calculation and weighing of all the facts and circumstances, but because of the existence of passion and prejudice.

As the case must be tried anew, particular comment upon the evidence is omitted.

The judgment and order denying the motion for a new trial are reversed and the cause is remanded for a new trial; defendant to be granted leave to amend his answer if he so elects.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Patten concur.